UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

KATHLEEN HAHN                           :
55 Jewell Lane                          :   CIVIL ACTION
Levittown, PA 19055                     :
                                        :   CASE NO.: _____
        Plaintiff,                      :
                                        :   **JURY TRIAL DEMANDED**
   v.                                   :
                                        :
RBC BEARINGS INCORPORATED               :
400 Sullivan Way                        :
West Trenton, NJ 08628                  :
                                        :
        Defendant.                      :
                                        :

## CIVIL ACTION COMPLAINT

Plaintiff, Kathleen Hahn, (hereinafter referred to as "Plaintiff" unless indicated otherwise) hereby complains as follows against RBC Bearings Incorporated (hereinafter referred to as "Defendant" unless otherwise indicated), and avers as follows:

### INTRODUCTION

1. Plaintiff initiates the instant action to redress violations by Defendant of the Family and Medical Leave Act (FMLA) and the New Jersey Law Against Discrimination (NJ LAD). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims, because this civil action arises under a law of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of

jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a citizen of the District of New Jersey.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant is a company in the State of New Jersey which manufactures and sells commercial grade bearings to companies worldwide.

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

9. Defendant is an "employer" within the meaning of the Family and Medical Leave Act because at all times relevant herein, Defendant has employed at least fifty (50) or more full-time employees within the present or preceding calendar year and engages in a business that affects interstate commerce.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired by Defendant in or about 2003.

12. Plaintiff was employed by Defendant as a customer service representative.

13. Plaintiff's job duties consisted of providing sales support to Defendant's customers worldwide.

14. During her employment, Plaintiff suffered from health problems, including but not limited to, severe chest pains, heart palpitations and anxiety.

15. Plaintiff informed Defendant's management that she was suffering from severe chest problems, heart palpitations and anxiety and informed Defendant's management that she would need periodic time off to undergo medical treatment.

16. Plaintiff requested sick leave and provided a doctor's note regarding her condition so that she could obtain necessary treatment for her medical condition.

17. After Plaintiff requested time off from work to attend to her medical condition, Defendant's management exhibited animosity towards her.

18. Plaintiff informed Defendant's management that she was expected to return back to work as soon as her physician cleared her to work following her appointment on January 26, 2009.

19. Following her leave, Plaintiff was terminated by Defendant and was told that she was easily replaceable.

20. Plaintiff had taken a medical leave of absence in 2005 and was told at that time by Defendant's human resources manager that Defendant would not save her job if she got sick again.

21.     Upon information and belief, Defendant allowed individuals with less tenure in the company to remain employed following Plaintiff's termination and terminated her because she exercised her rights under the FMLA.

### First Cause of Action
### <u>Violation of the Family and Medical Leave Act (FMLA)</u>
### (Interference and Retaliation)

22.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

23.     Plaintiff was clearly an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(2)(a)(i)(ii).

24.     Plaintiff requested leave from the Defendant, her employer, with whom she had been employed for at least twelve (12) months pursuant to the requirements of 29 U.S.C.A. § 2611(2)(i).

25.     Further, Plaintiff had at least 1,250 hours of service with Defendant during the prior twelve (12) months.

26.     Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees within seventy-five (75) miles of her worksite for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A. § 2611(4)(A)(i).

27.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A. § 2612 (a)(1), and Defendant was not permitted to interfere with or to retaliate against Plaintiff for exercising her rights pursuant to the FMLA.

28.     Defendant retaliated against Plaintiff by terminating her for exercising her rights pursuant to the FMLA.

29. Defendant also impermissibly interfered with Plaintiff's rights under the FMLA by terminating her for needing FMLA leave and to prevent her from further exercising her rights under the FMLA.

### Second Cause of Action
### New Jersey Law Against Discrimination
### (Actual & Perceived Handicap Discrimination)

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Plaintiff was discriminated against because of her known and/or perceived disabilities.

32. Plaintiff was capable of performing all of the functions of her job as a customer service representative but she was punished by and through a termination because of Defendant's perceptions of her disabilities.

33. These actions as aforesaid constitute violations of the NJ LAD.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of retaliating against employees and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered interference and/or retaliation at the hands of Defendant until the date of verdict;

C.  Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.  Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

E.  Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.  Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                    Respectfully submitted,

                    **KARPF, KARPF & VIRANT, P.C.**

                    Ari R. Karpf, Esquire
                    3070 Bristol Pike
                    Building 2, Suite 231
                    Bensalem, PA 19020
                    (215) 639-0801

Dated: March 16, 2009